ROBERT H. BARROW, plaintiff in error, *vs.* N. W. H. GIL-
BERT, defendant in error.

1. A judgment for money found to be due by a guardian to his ward, on a settlement before the ordinary, must be collected by process of execution. An attachment for contempt, based on the failure of the guardian to pay such judgment, and a return of *nulla bona* on the execution, does not lie.
2. The fact that the guardian holds property which has been set apart to him as a homestead, does not render the proceeding for contempt proper.
3. In such a proceeding, evidence of the insolvency of the security on the guardian's bond, would be irrelevant.

Guardian and Ward. Attachment. Evidence. Before Judge HILL. Houston Superior Court. November Term, 1876.

Reported in the decision.

DAVIS & NOTTINGHAM, by brief, for plaintiff in error.

WARREN & GRICE, by brief, for defendant.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that Gilbert was the guardian of Robert H. Barrow, who, on his arrival at twenty-one years of age, cited his said guardian before the ordinary of Houston county, for an account and settlement, whereupon it was considered and adjudged by the ordinary, that said Gilbert, as guardian, was indebted to his said ward the sum of $255.00, besides interest from December, 1875. On this judgment of the ordinary, an execution issued against Gilbert, the guardian, in favor of Barrow, his ward, which was returned by the sheriff with the entry of *nulla bona* thereon, dated 3d of April, 1876, that said Gilbert, as the head of a family, had set apart to him as a homestead exemption, all the property he owned. On the 4th of October, 1876, Barrow filed his

petition in the court of ordinary, under the provisions of the 1845th section of the Code, alleging, substantially, the foregoing facts, and that Gilbert was amply able to pay petitioner's just claim, but to avoid its payment, has had all his visible property set apart as a homestead exemption, in contempt of the judgment of said court of ordinary, and prayed that said Gilbert, as guardian, might be required to appear before said court of ordinary and show cause why he should not be attached for contempt, and imprisoned in the common jail of said county, until he shall comply with said judgment, and pay to petitioner the principal and interest thereof, adjudged to be in his hands as guardian, belonging to petitioner as his ward. The defendant, in his answer, showed for cause why he should not be attached for contempt, that he was insolvent and unable to pay all his debts, including that of petitioner, and in order to prevent suffering to himself and family, he, in good faith, applied for and obtained a homestead exemption under the constitution and laws of this state; that he desires and intends, to pay petitioner all of his indebtedness to him, as soon as he is able to do so, and denies that he is in contempt in failing to pay said debt to petitioner, and claims the protection of the constitution and laws of Georgia, to secure him from imprisonment for debt, alleging, as he does, that petitioner's claim is nothing more nor less than a debt which, at present, he is unable to pay. By consent, the case was carried to the superiort court by an appeal, and on the hearing thereof in the last named court, it was agreed that the court should decide both the law and the facts, without the intervention of a jury, the court having first overruled the petitioner's demurrer to the defendant's answer, which was excepted to. The petitioner offered to prove that the security on the bond of Gilbert, the guardian, was insolvent, which the court refused, and petitioner excepted. On the foregoing statement of facts, the court discharged the rule and refused to imprison the defendant for contempt until he should pay petitioner's demand: whereupon he excepted.

1. By the 1844th section of the Code, the ordinary has power to order any *property* in the hands of the guardian to be delivered to the ward, and also to issue an execution for any balance of money found due by the guardian to the ward. The 1845th section declares that, "if the guardian shall fail or refuse to deliver to the ward the *property* in his hands, ordered to be delivered by the court, the ordinary shall have power to attach him for contempt, and imprison him in the common jail until he shall comply with such order, such proceedings to be had in the issuing of such attachment as are usual in courts of equity." The judgment rendered by the ordinary against the guardian in this case, was not for the delivery of any specific property to the ward, as a horse, or a wagon, or other property, but was a judgment for $255.00 as a balance of money found to be due from the guardian to his ward, and for that the ordinary was empowered to issue an execution against the guardian to enforce its payment, as provided by the 1844th section, and not by an attachment for contempt for the non-delivery of property, as provided for by the 1845th section.

2. It was insisted on the argument, that unless the guardian could be compelled by the process of attachment to restore to his ward the money of which he had wrongfully deprived him, and fraudulently invested in a homestead exemption for the benefit of himself and family, that he would be entirely remediless. The reply is, that the fraudulent appropriation of the money of wards by their guardians is not a debt to which the homestead is made liable by the constitution of 1868; but, on the contrary, is exempted therefrom, and the defendant cannot be considered in contempt of the court for doing what the constitution and laws of the state expressly authorize him to do—whatever may be the injustice done to the ward in depriving him of his patrimony thereby.

3. There was no error in overruling the petitioner's demurrer to the defendant's answer, or in rejecting the evidence as to the insolvency of the security on the guardian's

bond. In view of the facts disclosed in the record, there was no error in discharging the rule against the guardian for contempt.

Let the judgment of the court below be affirmed.